UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL T. BETANCOURT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H:14-1507 |
| UNIVERSITY OF TEXAS MD | § | |
| ANDERSON CANCER CENTER, | § | |
| DEPARTMENT OF LEUKEMA, | § | |
|     Defendant. | | |

---

**DEFENDANT'S SPECIAL APPEARANCE AND MOTION TO DISMISS**

---

TO THE HONORABLE KEITH P. ELLISON:

NOW COMES Defendant Mary Silverstein ("Silverstein"), by and through the undersigned Assistant Attorney General, and files this Special Appearance and Motion to Dismiss pursuant to Rules 12(b)(1), (4), (5), and (6), of the Federal Rules of Civil Procedure. In support thereof, Defendant respectfully shows the Court as follows:

**I.**
**INTRODUCTION**

On May 30, 2014, Plaintiff Daniel T. Betancourt filed a Complaint naming Mary Silverstein as Defendant[1]. Dkt. #1, ¶3. Plaintiff alleges that he was employed by the University of Texas MD Anderson Cancer Center ("MD Anderson") and that he was subjected to violations of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. Section 2000e et seq., ("Title VII") and the Equal Pay Act of 1963, codified at 29 U.S.C.

---

[1] Although the case is styled *Betancourt v. University of Texas MD Anderson Cancer Center*, the only Defendant actually named is Mary Silverstein. Dkt. #1, ¶3. Indeed, the only summons attempted was addressed to "Mary Silverstein, Leukemia Administrator." Dkt. #3, p. 2.

s 206(d)(1) ("Equal Pay Act"). Dkt. #1, ¶6. Plaintiff claims that he was retaliated against for having complained about pay discrimination; discriminated against on the basis of his race, sex, and national origin; and compensated unfairly in violation of the Equal Pay Act. *Id*.

Plaintiff's claims against Silverstein should be dismissed for the following reasons:

1.    Silverstein received insufficient process and insufficient service of process;

2.    The Court lacks jurisdiction to hear Plaintiff's claims;

3.    Plaintiff lacks standing;

4.    Silverstein has qualified immunity from suit; and,

5.    Plaintiff fails to state any claim upon which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") if the court lacks subject matter jurisdiction over the plaintiff's claim, or under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") if the plaintiff fails to state a claim upon which relief may be granted. A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *August Trading Inc. v. United States Agency For Int'l Dev.,* 67 F.Supp.2d 964, (S.D. Tx. 2001) at page 2; *citing Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). A dismissal pursuant to Rule 12(b)(6) is only proper when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claims that would entitle the plaintiff to relief.  *Rubinstein v. Collins*, 20 F.3d 160 (5th Cir. 1994).

To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 129 S.Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### III.
### ARGUMENT AND AUTHORITIES

**A.      Rules 12(b)(4) and (5): Plaintiff Has Not Properly Served Defendant.**

The federal requirements for service of process are identified in Fed. R. Civ. P. 4(c) ("Rule 4(c)"). Rule 4(c) states that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added).

In this case, Plaintiff pleads that his attempt at service on Silverstein was by sending the Complaint via United States Postal Service, Certified Mail.  [Dkt. #3, p. 2: "I mailed under certified services to legal representative of the company."]. As a matter of law, Certified Mail from a plaintiff does "not constitute proper service on the defendants under federal or Texas service rules." *See Shabazz v. White*, 301 Fed.Appx. 316, 317 (5th Cir. November 25, 2008), *citing Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir.1985).

Moreover, Plaintiff admits that the Certified Mail in question was not sent to Silverstein, but "to legal representative of the company." Dkt. #3, p. 2. Despite Plaintiff's

awareness of Silverstein's location in Houston, Texas [Dkt. #1, ¶3], Plaintiff personally mailed the Summons and Complaint to Esther Hajdar at a different address in Houston [Dkt. #3, p. 4]. Plaintiff has not demonstrated that the Certified Mailing was actually signed for by Silverstein or by any other individual authorized to accept service on behalf of Silverstein. Indeed, the Return of Service that Plaintiff has filed with the court shows no signature identifying *who* received the Certified Mailing addressed to Silverstein. [Dkt. #3, p. 4].

For these reasons, Plaintiff has not properly served Silverstein, and Silverstein respectfully asks the Court to dismiss Plaintiff's lawsuit pursuant to Fed. R. Civ. P. 12(b) (4) and (5).

**B.      Rule 12(b)(1): Plaintiff Has Not Exhausted His Administrative Remedies.**

Even if Plaintiff were to properly serve Defendant with the Complaint in this action, his case should nonetheless be dismissed pursuant to Rule 12(b)(1) because he has failed to exhaust his administrative remedies, thereby depriving this Court of jurisdiction to hear his claims. For this reason, and for the sake of judicial economy, Defendant respectfully requests that the Court also dismiss Plaintiff's action pursuant to Rule 12(b)(1) with prejudice as to its refiling.

"It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies." *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F. 3d 698, 711 (5th Cir. 1994). Title VII requires that parties exhaust administrative remedies before instituting suit in federal court." *Id.* A party exhausts administrative remedies for a Title VII claim when (i) the party files an appropriate Charge of Discrimination ("Charge") with the Equal

Employment Opportunity Commission ("EEOC"); (ii) the EEOC investigates the claim cited in the Charge; and, (iii) the party receives a right to sue letter from the EEOC. *See* 42 U.S. C. § 2000e-5 (e)(1), (f); *see also Givs v. City of Eunice*, 512 F. Supp. 2d 522, 535 (W.D. La. 2007) (stating that administrative review by the EEOC is required and that an individual may file suit only after receiving a right to sue notice from the EEOC) (citing *Messer v. Meno*, 130 F. 3d 130, 134 (5th Cir. 1997)); *see also Sanchezv. Standard Brands, Inc*., 431 f.2d 455, 466 (5th Cir. 1970) (stating that the permissible scope of a civil action is the scope of the EEOC investigation of the Charge).

A central purpose of the Charge is to place an employer on notice of "the existence and nature of the charges against [it]." *EEOC v. Shell Oil Co*., 466 U.S. 54, 77, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984); *see also Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir.1990); *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711–12 (5th Cir.1994).

Plaintiff's sole Defendant in this litigation is Mary Silverstein [Dkt. #1, ¶3], but Plaintiff has not exhausted any administrative remedies against Silverstein which would put her on notice that Plaintiff has any claim against her. First, Plaintiff has not filed a Charge with the EEOC against Silverstein – his Charge [Dkt. #1, p. 8] identifies MD Anderson as the employer and subject of his complaint. Second, the EEOC did not issue a right to sue letter allowing Plaintiff to bring claims against Silverstein because Plaintiff's Charge was addressed to MD Anderson. *See* Dkt. #1, p. 9.

Additionally, while Plaintiff seeks to bring a Title VII claim based on race discrimination [Dkt. #1, ¶6], race is not a basis which was presented to the EEOC and so

Plaintiff has not exhausted his administrative remedies with respect to that claim. *See* Dkt. #1, p. 8.

Accordingly, this Court is without jurisdiction to consider any of Plaintiff's claims against Silverstein, and his suit should be dismissed in its entirety as a matter of law pursuant to Rule 12(b)(1).

**C.     Rule 12(b)(1): Plaintiff Lacks Standing To Bring This Lawsuit.**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires Plaintiff to demonstrate that he has suffered an "injury in fact," that is "fairly traceable" to Defendant's conduct, and that will "likely…be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In the instant case, Plaintiff lacks standing because he fails to demonstrate each of these required elements.

**1.     No Injury-in-Fact.**

By his own admission, Plaintiff did not suffer any injury-in-fact that could establish his standing to bring this action. Although his Charge suggests that he was terminated [Dkt. #1, p. 8], Plaintiff admits in his Complaint that he in fact resigned from his employment with MD Anderson. [Dkt. #1, p. 6: "I resigned via text from the court house…"). This fact is also clear from Plaintiff's email of January 4, 2011, in which he states "Unfortunately is (sic) the time to move forward in my personal career and I would like to ask you for my dismissal and second for a reference letter from you as our Chairman." Dkt. #1-1, pp. 10, 13. Indeed, Plaintiff resigned rather than go through a disciplinary probation. Dkt. #1-1, p. 21. Plaintiff's resignation was acknowledged and

accepted by MD Anderson. [Dkt. #1-1, p. 29: "We regret to announce that Daniel Betancourt has decided to resign his position as our LCRS leader effective January 31, 2011."].

Plaintiff does not plead that he resigned because Silverstein or MD Anderson forced his resignation or made work conditions so intolerable as to lead to his constructive discharge. Plaintiff, by his own pleading, simply resigned. This voluntary resignation is not an injury-in-fact under either Title VII or the Equal Pay Act, and, thus, Plaintiff has no legally cognizable injury to give him standing to bring the present action.

**2.     No Injury  "fairly traceable" to the conduct of Silverstein**

In the body of his Complaint [Dkt. #1, pp. 1-7], Plaintiff's sole reference to Silverstein is an identification of her as the Defendant to this litigation. Dkt. #1, ¶3. And although he makes a number of conclusory assertions throughout his Complaint and attached Charge, Plaintiff states no factual allegation about any conduct of Silverstein. Indeed, even in his Charge, he only identifies Silverstein as his supervisor – he does not allege that Silverstein herself discriminated or retaliated against him, nor does he allege any facts to permit the Court to make such an inference for him. Dkt. #1, p. 8. Particularly in light of Plaintiff's voluntary resignation, there are no facts alleged from which this Court could reasonably conclude that Plaintiff suffered an injury in fact under either Title VII or the Equal Pay Act that was "fairly traceable" to the conduct of Silverstein. As such, Plaintiff has not established that he has standing to bring this action.

**3.     No Likelihood of Redressability**

Finally, Plaintiff's resignation is not an injury that can be redressed by order of the Court. Even if Plaintiff had articulated an injury, the relief he seeks is unavailable

because Silverstein was not Plaintiff's employer. As such, Silverstein is not legally capable of providing any of the relief Plaintiff seeks – she cannot cease any discriminatory action against him, re-hire him at MD Anderson, or be liable for money damages under either Title VII or the Equal Pay Act. *See*, Dkt. #1, ¶8. Accordingly, even if Plaintiff had suffered an injury-in-fact due to the conduct of Silverstein, he still lacks standing to bring this action because Silverstein cannot provide any remedy that Plaintiff seeks.

For all of these reasons, Plaintiff lacks standing to bring this action and his suit thus should be dismissed in its entirety pursuant to Rule 12(b)(1).

**D.    Rule 12(b)(6): Plaintiff Fails To Establish Any Claim For Which Relief May Be Granted**

Plaintiff has not stated a claim against Silverstein for which relief may be granted, and, as such, his action should be dismissed in its entirety. Plaintiff has not identified in either his Complaint or his Charge *any* action by Silverstein, much less any action giving rise to a claim under Title VII or the Equal Pay Act. As such, Plaintiff certainly has not pled any *prima facie* Title VII or EPA claim against Silverstein. And, most important, even if Plaintiff had brought suit against the proper party, his claims are barred by limitations. As a matter of law, Plaintiff has failed to state a claim against Silverstein, and his lawsuit must be dismissed pursuant to Rule 12(b)(6).

**1.    Limitations**

In Texas, a Title VII claimant has a 300–day window within which he must file a Charge with the EEOC. *See* 42 U .S.C § 2000e–5(e)(1); *Edelman v. Lynchburg Coll*., 535 U.S. 106, 109 n. 1, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002); *Blumberg v. HCA Mgmt. Co., Inc*., 848 F.2d 642, 645 (5th Cir.1988), *cert denied*, 488 U.S. 1007, 109 S.Ct. 789,

102 L.Ed.2d 781 (1989). That 300-day window runs from the date "the alleged unlawful practice occurred." 42 U.S.C § 2000e–5(e)(1).

Plaintiff judicially admits in his Charge that his employment with MD Anderson ended on January 30, 2011. Dkt. #1, p. 8. In the section of that Charge identifying "date(s) discrimination took place," Plaintiff admits that the "Latest" any activity occurred was "01-31-2011." *Id.* Accordingly, Plaintiff was required by statute and case law to file a Charge before November 26, 2011 to preserve his claim and thus exhaust his administrative remedy prior to bringing suit.

As indicated on the face of the Charge, Plaintiff filed his Charge on February 11, 2014 – more than two years after the statutory and common law deadline for preserving his claim had ended. Dkt. #1, ¶4, and p. 8. Moreover, Plaintiff was notified of the late filing by the EEOC's Dismissal notice, which identified the reason for dismissal as follows: "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Dkt. #1, p. 9.

Accordingly, Plaintiff's Title VII claims are barred by limitations and must be dismissed as a matter of law pursuant to Rule 12(b)(6).

### 2.    No *prima facie* case

Plaintiff has not pled the essential elements of a *prima facie* claim under Title VII or the Equal Pay Act, and he thus alleges no facts from which this Court could conclude that Silverstein is liable for claims under either statute. In this instance, Plaintiff's allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level." *Iqbal*, 129 S.Ct. at 1949. Because Plaintiff has failed to state a *prima facie* claim, Defendant is entitled to dismissal pursuant to Rule 12(b)(6).

### a.  Title VII

Plaintiff seeks to bring claims of discrimination and retaliation against Silverstein, but he fails to allege facts sufficient to establish either cause of action.

### (1)  Discrimination

To establish a *prima facie* case of discrimination under Title VII, Plaintiff must show (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) that other similarly situated employees were treated more favorably. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir.2007); *see also Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir.2004).

Although Plaintiff concludes that he was discriminated against on the basis of race, sex, and national origin [Dkt. #1, ¶ 6], he does not allege facts to demonstrate what race, gender[2], or national origin he claims. He further affirmatively disproves any suggestion that he was subject to an adverse employment action by conclusively demonstrating that he voluntarily resigned.  [*See* Dkt. #1, p. 6: "I resigned via text from the court house…"; Dkt. #1-1, pp. 10, 13: "Unfortunately is (sic) the time to move forward in my personal career and *I would like to ask you for my dismissal* and second for a reference letter from you as our Chairman." (emphasis added)]. His exhibits also conclusively disprove any suggestion that the employees in his department to whom he compares himself were similarly situated. [Dkt. #1-1, p. 18, Answer 5: Plaintiff admits that in his department, the other lab employees' "scope of assignments, workload, responsibilities, …, duties, and educational background are completely different.").

---

[2]   Any references in this document to Plaintiff as a male are not based on any actual fact alleged, but an assumption solely based on the name "Daniel."

### (2)  Retaliation

A *prima facie* case of retaliation under Title VII requires a showing that: (1) the plaintiff engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *Arora v. Starwood Hotels*, 294 Fed. Appx. 159, 162 n.12 (5th Cir. 2008).

Plaintiff has simply not alleged facts from which this Court could conclude that retaliation has occurred. Plaintiff made his intention to resign known before any alleged protected activity occurred. Plaintiff's exhibits indicate that on November 18, 2010, Plaintiff first indicated that he resigned. Dkt. #1-1, p. 21. His resignation was effective on January 31, 2011. Dkt. #1-1, p. 29. Plaintiff identifies his protected activity as a complaint to the EEOC, and his exhibits conclusively demonstrate that he made this complaint on November 30, 2010. Dkt. #1-1, p. 19. These allegations and documents affirmatively negate any causal link between the end of his employment and his protected activity. The fact that he made his voluntary resignation known to different people at MD Anderson after his protected activity [Dkt. #1-1, pp. 10, 13] does not change the fact that he made his voluntary resignation known *before* any protected activity occurred rather than resign because of any retaliatory activity.

### b.  Equal Pay Act

A plaintiff establishes a *prima facie* case under the Equal Pay Act by showing that (1) the employer is subject to the Act; (2) the plaintiff performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) the plaintiff was paid less than the employee of the opposite sex providing the basis of comparison. *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir.1993).

Because he only identifies Silverstein as his supervisor, Plaintiff has not alleged facts to demonstrate that Silverstein is an employer subject to the Act. Furthermore, Plaintiff conclusively disproves any claim that he performed work in a position requiring equal skill, effort, and responsibility under similar working conditions to those individuals of a different gender. [*See* Dkt. #1-1, p. 18, Answer 5: Plaintiff admits that in his department, the other lab employees' "scope of assignments, workload, responsibilities, …, duties, and educational background are completely different."). Finally, Plaintiff does not allege facts from which this Court could conclude that he was paid less than an employee of the opposite sex providing the basis of comparison.

### 3.    Silverstein Cannot Be Sued In Her Individual Capacity As Plaintiff's "Employer"

Plaintiff's Complaint indicates that he is suing Silverstein and not MD Anderson as an entity. To the extent that Plaintiff intends to bring claims against Silverstein in her individual capacity, those claims are barred here, as Silverstein in her individual capacity was not Plaintiff's "employer."

The Fifth Circuit has repeatedly held that Title VII cannot be used to impose liability on an employee or a supervisor in his individual capacity. *See, e.g., Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir.2013) (unpublished) (affirming dismissal of plaintiff's claims against another employee because the defendant "could not be sued in his individual capacity under Title VII") (*citing Grant v. Lone Star Co*., 21 F.3d 649, 653 (5th Cir.1994) (holding that plaintiff could not bring a Title VII claim against his supervisor, even though that supervisor had "authority to hire, fire, and discipline" the plaintiff, because the statute "does not permit the imposition of liability upon individuals")).

Similarly, university officials in their individual capacities are not "employers" under the Equal Pay Act. *See, e.g., Schuth v. Louisiana State Univ. Med. Ctr* ., No. 87-4191, 1989 WL 65566, at *3 (E.D. La. June 15, 1989) (holding, in suit by faculty member, that University's President, Chancellor, Dean and Department Chair were not employers under Equal Pay Act); *Geller v. Univ. of Miss.*, No. 300CV52DA, 2001 WL 1079006, at *2 (N.D.Miss. July 9, 2001) (holding, in suit by faculty member, that University's Dean [who was that plaintiff's supervisor] was not plaintiff's employer under Equal Pay Act).

For all of these reasons, Plaintiff has failed to plead facts establishing *any* claim against Silverstein, and, as such, this action should be dismissed in its entirety pursuant to Rule 12(b)(6).

**E.      Rule 12(b)(6): Silverstein Has Qualified Immunity From Suit**

Finally, even if Silverstein were a proper defendant to Plaintiff's Title VII and EPA claims, she would be protected from suit by her qualified immunity. Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  To overcome a government official's entitlement to qualified immunity, a plaintiff must "*plead[] facts* showing that 1) the official violated a statutory or constitutional right, and 2) the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. Al–Kidd*, 131 S.Ct. 2074, 2078 (2011) (reversing lower courts' denial of defendant's motion to dismiss on grounds of qualified immunity) (emphasis added). "When a defendant invokes qualified immunity, the burden is on the plaintiff to

demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). To defeat a defendant's assertion of qualified immunity at the pleadings stage, the plaintiff "must plead that *each Government-official defendant*, through the official's own individual actions, has violated" defendant's constitutional or statutory rights. *See Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). A defendant who is entitled to qualified immunity from suit is likewise "entitled to dismissal before the commencement of discovery." *See Morgan v. Swanson*, 610 F.3d 877, 882 (5th Cir. 2010) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Plaintiff's claims against Silverstein should be dismissed without discovery against Silverstein because Silverstein is protected by qualified immunity. Plaintiff admits that Silverstein is a state government official – specifically, she is an official of the University of Texas M.D. Anderson Cancer Center. Dkt. #1, pp. 1 and 8. By this Motion, Silverstein pleads that she acted in good faith at all times with regard to Plaintiff, and she thus invokes her qualified immunity to Plaintiff's claims. Consequently, the burden now rests with Plaintiff to rebut Silverstein's entitlement to qualified immunity by showing both (i) a violation of law by Silverstein, and (ii) that the law violated was clearly established at the time of Silverstein's conduct, thus indicating that Silverstein's conduct was not objectively reasonable. *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *DeLeon v. City of Dallas*, 141 Fed.Appx. 258, 261 (5th Cir. 2005); *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994), cert. denied, 512 U.S. 1270. Plaintiff fails to overcome Silverstein's qualified immunity because he has not pleaded facts sufficient to establish either of these elements.

Plaintiff does not satisfy his burden of rebutting Silverstein's claim to qualified immunity because he does not allege a single fact concerning any action by Silverstein and, as such, has failed to plead that "through [Silverstein's] own individual actions, [she] has violated" any right of Plaintiff's. Furthermore, the facts that Plaintiff does plead cannot plausibly lead to an inference that Silverstein violated any of Plaintiff's rights under Title VII or the EPA because Plaintiff himself pleads that he resigned from his position (rather than be terminated) [Dkt. #1-1, pp. 10, 13, 21, 29], and he pleads no facts to support any element of any claim under either Title VII or the Equal Pay Act. As such, Plaintiff likewise does not allege any fact from which this Court could conclude that no reasonable official in Silverstein's position could believe that accepting Plaintiff's voluntary resignation or notifying Plaintiff that he would be on disciplinary probation would fail to violate Plaintiff's clearly established rights under either Title VII or the Equal Pay Act.

For these reasons, as a matter of law, Plaintiff has not overcome Silverstein's qualified immunity, and Silverstein is thus entitled to dismissal of Plaintiff's claims against her.

## IV.
## CONCLUSION

For the reasons discussed above, Defendant Silverstein received insufficient process and insufficient service of process in this matter. Furthermore, even if service was proper, Plaintiff lacks standing to bring this suit, jurisdictional barriers prohibit Plaintiff's suit, Plaintiff has failed to state any claim upon which relief may be granted, and Silverstein has qualified immunity from Plaintiff's claims.

WHEREFORE, Defendant Mary Silverstein respectfully prays that this Court grant her Motion to Dismiss, dismissing Plaintiff's suit in its entirety and with prejudice as to its refiling.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

JAMES "BEAU" ECCLES
Division Chief - General
Litigation

*/s/ Amy K. Penn*
**AMY K. PENN**
Attorney-in-Charge
Texas Bar No. 24056117
Southern District No. 1752244
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*ATTORNEYS FOR DEFENDANT*
*MARY SILVERSTEIN*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the above *Defendant's Special Appearance and Motion to Dismiss* was served on the **10th day of July, 2014**, upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

Robert E. Massinburge                 *Pro Se Plaintiff*
6201 Bonhomme #290NM
Houston, Texas 77036

                                       *<u>/s/ Amy K. Penn</u>*
                                       AMY K. PENN
                                       Assistant Attorney General